By the Court, Bronson, J.
The plaintiff claims to recover for the use and occupation of a farm, by the defendant’s testator, for two years which terminated as early as April 1st, 1832. This suit was commenced October 16th, 1840, after the lapse of more than eight years and a half. But the testator died October 22d, 1837, when the six years had not yet run, and the statute provides, that “the term of eighteen months after the death of any testator or intestate shall not be deemed any part of the time limited by law for the commencement of actions against his executors or administrators.” (2 R. S. 448, § 8.) After deducting these eighteen months, the action came too late by one year and sixteen days.
In answer to this view of the case, the plaintiff alleges that he presented his claim to the executor, pursuant to 2 R. S. 88, §§ 35—38, in March, 1839, and that it was not rejected by the defendant until May, 1840; and it is insisted that this period should *37 also be deducted from the running of the statute of limitations. But there are two objections to this argument—one of fact, and the other of law. There is no satisfactory evidence that the claim was presented in March, 1839. The only direct evidence is, that it had been presented before the 22d day of July in that year. And then there was evidence which would warrant the referee in finding, that the claim was rejected in the fall of the same year. This would reduce the period during which the defendant had the claim under consideration to only four or five months, instead of fifteen months as the plaintiff alleges. In the most favorable view of the case for the plaintiff, I think the evidence would not warrant the referee in finding that the defendant had the claim under consideration for one year and sixteen days ; and no period short of that will answer the plaintiff’s purpose, even if his view of the law is well founded.
But I think the plaintiff is also wrong upon the law of the case. The statute provides for a notice by the executor or administrator calling upon creditors to exhibit their claims, and for certain consequences in relation to the assets; and the costs of any suit which may be brought against the executor or administrator are to follow, if the claim has not been presented before commencing a suit. (2 JR. S. 88, §§ 34, 39—41.) But the statute does not prohibit the creditor from suing, and he may do so whether his claim has been presented or not. And if he does present his claim, that will not stop the running of the statute of limitations. If the six years have run before the death of the testator, the action is gone. If the time has not run, then the creditor has, in the whole, seven years and a half to bring his suit after the right of action accrued ; and he must take care to have the matter adjusted,, or commence his action within that period, or he will be too late.
There is another—a short limitation—which stands in the plaintiff’s way. When a claim is presented to an executor or administrator, if the same is “ disputed or rejected by him,” and the matter is not referred, the claimant must, “ within six months after such dispute or rejection,” if the debt be then *38 due, “ commence a suit fot the recovery thereof, or be forever barred from maintaining any action thereon.’* (§ 38.) The referee seems to have been of opinion that this claim was rejected in the fall of 1839, and the suit was not commenced until about a year afterwards. The executor had previously asked time to enquire into and investigate the claim, and, in such a case, I agree with the plaintiff’s counsel, that the executor ought hot to have the benefit of this short limitation without giving decisive evidence of the rejection of the claiih, more than six months before the suit was commeñbed. But there was so much evidence of a rejection of the claim in the fall of 1839, that we cannot order a rehearing upon this point without departing from the general principle upon which reports and verdicts are reviewed by this court. And besides, the general statute of limitations, as we have already seen, covers the whole ground.
Motion denied, (a)

 See Howell v. Babcock’s ex’rs, (24 Wend. 488.)